IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONNA DAWN KONITZER aka S.A. Konitzer,

                        Plaintiff,

        v.

EDWARD WALL, GREG GRAMS,
TIMOTHY DOUMA, JANEL NICKEL,
DALIA SULIENE, TIMOTHY LUNDQUIST,
KEVIN KALLAS, DAVID BURNETT, JAMES GREER,
DANIEL WESTFIELD, J.B. VAN HOLLEN,
COREY FINKELMEYER, JODY SCHMELZER,
FRANCIS SULLIVAN, LILLIAN TENEBRUSCO and
LORI ALSUM,

                        Defendants.

OPINION AND ORDER

12-cv-874-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Donna Konitzer aka S.A. Konitzer is proceeding on several claims that prison officials violated her rights under the Eighth Amendment and state law by failing to provide appropriate treatment for her gender identity disorder. Now before the court is defendants' motion for partial summary judgment with respect to plaintiff's claim that defendants Kallas, Burnett, Greer, Finkelmeyer, Schmelzer and Sullivan amended the "medical offsite request form" to prevent outside doctors from recommending necessary treatments for gender identity disorder. Defendants argue that plaintiff did not exhaust her administrative remedies with respect to this claim, as required by 42 U.S.C. § 1997e(a). Dkt. #43.

In support of their motion, defendants cite the affidavit of the records custodian, who

avers that plaintiff has not filed any grievances regarding amendments to the "medical offsite request form." Rose Aff. ¶ 15, dkt. #45. That affidavit is sufficient on its face to show that plaintiff did not exhaust her administrative remedies as to that claim. Plaintiff did not file a response to defendants' motion by her April 14, 2014 deadline, so I must treat defendants' evidence as undisputed.

In a letter dated June 30, 2014, more than two months after her deadline for responding, plaintiff argues that she did not have to file a grievance "because there is no administrative remedy for [c]onspiracy to deny medical treatment." Dkt. #47. Even if I accepted plaintiff's untimely response, her argument is incorrect. Under Wis. Admin. Code § DOC 310.08(1), "an inmate may use the [grievance system] to raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints in accordance with this chapter." Although medical care is not listed separately as a grievable issue, it falls within the more general categories of "living conditions" and "staff actions affecting institution environment." Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534 (7th Cir. 1999) ("[C]omplaints about medical treatment in prison are complaints about prison conditions.") (internal quotations omitted). Several exceptions to the general rule are listed in § DOC 310.08(2), but none of these are related to medical care. Accordingly, I conclude that plaintiff failed to exhaust her administrative remedies with respect to her claim that defendants Kallas, Burnett, Greer, Finkelmeyer, Schmelzer and Sullivan amended the "medical offsite request form" to prevent outside doctors from recommending necessary treatments for gender identity disorder.

When a prisoner fails to exhaust her available administrative remedies, the court must

dismiss the unexhausted claim.  Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

The dismissal must be without prejudice to the prisoner's refiling the suit after she completes

the grievance process, even if the deadline for filing a grievance has passed, because of the

possibility that prison officials may accept a late grievance.  Ford v. Johnson, 362 F.3d 395,

401 (7th Cir. 2004).

Accordingly, I am granting defendants' motion for partial summary judgment and

dismissing without prejudice plaintiff's claim that defendants Kallas, Burnett, Greer,

Finkelmeyer, Schmelzer and Sullivan amended the "medical offsite request form" to prevent

outside doctors from recommending necessary treatments for gender identity disorder.

Further, because this is the only claim that includes defendants Greer, Finkelmeyer,

Schmelzer, and Sullivan, I am dismissing the complaint as to those defendants.


ORDER

IT IS ORDERED that the motion for partial summary judgment filed by defendants

Lori Alsum, David Burnett, Corey Finkelmeyer, James Greer, Kevin Kallas, Jody J.

Schmelzer, Dalia Suliene, Francis Sullivan, Lillian Tenebruso and Edward Wall, dkt. #43,

is GRANTED.   Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as to

plaintiff's claim that defendants Kallas, Burnett, Greer, Finkelmeyer, Schmelzer and Sullivan

amended the "medical offsite request form" to prevent outside doctors from recommending

necessary treatments for gender identity disorder.

Entered this 8th day of July, 2014.

BY THE COURT:

/s/


BARBARA B. CRABB
District Judge